UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JESUS ALEJANDRO CONTRERAS-
ZAMBRANO,

                    Petitioner,

v.

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

Case No. 1:26-cv-802

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.11.)

In an Order entered on March 13, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 18, 2026 (ECF No. 5), and Petitioner filed his reply later on March 23, 2026 (ECF No. 6).

## II.    Relevant Factual Background

Petitioner is a citizen of Venezuela entered the United States as a minor child on April 26, 2023. Op., *Contreras-Zambrano v. Raycraft*, (*Contreras-Zambrano I*), No. 1:26-cv-332 (Mar. 4, 2026, W.D. Mich.) (ECF No. 7); (Pet., ECF No. 1, PageID.5.) On December 27, 2025, ICE agents arrested Petitioner when he attended a scheduled ICE check-in appointment just shortly after his 18th birthday. Op., *Contreras-Zambrano I*, No. 1:26-cv-332; (Pet., ECF No. 1, PageID.5.)

On January 29, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Contreras-Zambrano I*. In *Contreras-Zambrano I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Contreras-Zambrano I*, No. 1:26-cv-332 (ECF Nos. 7, 8.)

On March 10, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.5.) At the conclusion of the January 27, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating:

> The Court finds that the Department of Homeland Security has proven by a preponderance of the evidence, and even at the higher standard of clear and convincing evidence, that the Respondent is a flight risk and there are no conditions or combination of conditions that would reasonably assure the Respondent's future appearances at immigration proceedings.

(Immigration Judge Order, ECF No. 1-1, PageID.15.)

2

**III.    Discussion**

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 10, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:     March 25, 2026                         /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge

3